In the Matter of the Claim of ETHEL STEKOLSKY, Respondent, against METROPOLITAN LIFE INSURANCE COMPANY and THE TRAVELERS INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award made under the Workmen's Compensation Law to dependent wife, Ethel Stekolsky, upon the death of Joseph Stekolsky. The appellants claim there was no competent legal proof to warrant the decision that the accident arose out of the employment. The deceased was an agent of the Metropolitan Life Insurance Company and his duties included soliciting for life, industrial and other kinds of insurance, the collection of premiums as well as the other work of a regular agent. He was required to visit homes of various prospects to sell insurance and to collect premiums. While he had a specified territory of about ten blocks near his own home he was authorized and encouraged to solicit business anywhere in the State of New York. His activities were confined to his own territory only upon policies requiring weekly payments and he spent much of his time soliciting regular life insurance. He was in the habit of working both day and night time. Deceased was well and attended to his business on January 22, 1935. He visited at least forty-one accounts that day with whom he had business and made collections. He was found deceased January twenty-third about eleven A. M. The body was found partly in and partly out of the water near one of the beaches in New York. There was a dent in the forehead and he had on his person various books and papers, including a rate book, applications for insurance and the usual papers carried by an agent. On January twenty-second he worked all day and at six-forty-five was at home and had supper with the members of his family. He left at seven-twenty-five for the work of the evening and just before going away he was writing on insurance papers and he said as he went away he was going out on business and he had quite a few prospects to " make." At about eight-thirty he was seen by friends and they walked with him to the BMT station. It was a bad night. Deceased said he had to go to Brighton Beach and Bensonhurst on insurance business, and that he had a customer about a policy at Coney Island and another at Bensonhurst. He was looking over insurance papers on the train. A man at Bensonhurst had an appointment with him on January twenty-second at nine P. M. Deceased telephoned the prospect that he had some business at Brighton Beach on a policy

and asked if he could come about ten P. M. Deceased did not appear. No money was found on the person of deceased, not even a single penny, although he made collections of thirty dollars, after he left the house in the evening. No evidence was presented on behalf of the employer. The evidence sustains the decision and award appealed from. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.